**FILED**

AUG 2 2 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ROBERT WHOIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  **12 1386** |
| | ) | |
| DISTRICT OF COLUMBIA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### <u>MEMORANDUM OPINION</u>

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court will grant the application and dismiss the complaint.

According to the plaintiff, unidentified Metropolitan Police Departments arrested him on September 5, 2010, in violation of his Fourth Amendment rights and he has been detained and prosecuted in violation of his Fourteenth Amendment right to due process. Compl. at 3. He now "is serving 36 months sentence from this action by police." *Id.* at 4. He demands "monetary damages of 500,000 dollars for these rights violations." *Id.*

The Court presumes that the plaintiff intends to sue the District of Columbia under 42 U.S.C. § 1983, and the police officers under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). Because the success of the plaintiff's claims necessarily would void his conviction, the plaintiff cannot recover monetary damages without first showing that the conviction has been invalidated either by "revers[al] on direct appeal, expunge[ment] by executive order, . . . or . . . a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). Plaintiff has not shown that his

*N*

*3*

conviction has been invalidated, and, therefore, he fails to state a claim upon which relief can be granted. Accordingly, the Court will dismiss the complaint. An Order accompanies this Memorandum Opinion.


DATE: 8/10/12

George C. Lindertu
United States District Judge